UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:16-cv-00187-MOC

| | |
|---|---|
| **RICKEY DISHMOND** ) | |
| ) | |
| ) | ORDER |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| **NANCY BERRYHILL,** ) | |
| **Acting Commissioner of Social Security** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the court on the parties' opposing Motions for Summary Judgment (#16 and #21). The matter is ripe for review. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff applied for supplemental security income benefits in November 2012, alleging that she became disabled on April 30, 2013. (Tr. 16). Her claim was denied at the initial and reconsideration levels of review. (Tr. 16). Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). A hearing was held before Richard E. Guida, an ALJ, on October 14, 2015, at which plaintiff had an attorney representative present. (Tr. 16, 29). In a November 23, 2015 written decision, the ALJ denied the plaintiff's claim. (Tr. 16-23). Plaintiff requested review of the ALJ's decision. (Tr. 11-12). The request for review was denied by the Appeals Council on March 10, 2016 (Tr. 1-6), rendering the ALJ's decision the final decision of

the Commissioner. See 20 C.F.R. § 404.981. Plaintiff has exhausted his available administrative remedies and the case is now ripe for judicial review under Section 205(g) of the Social Security Act. See 42 U.S.C. § 405(g).

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the court adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (internal citations omitted). Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if it was supported by substantial evidence. Hays, 907 F.2d at 1456. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision,

then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The court finds that the ALJ's decision was supported by substantial evidence.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title XVI pursuant to the following five-step analysis:

A. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

B. An individual who does not have a "severe impairment" will not be found to be disabled;

C. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

D.  If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

E.  If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

### C. The Administrative Decision

At step one, the ALJ found that the plaintiff had not engaged in substantial gainful activity since November 14, 2013, which was the claimant's alleged onset date. (Tr. 18). At step two, the ALJ found that the plaintiff had the following severe impairments: arthritis, chronic obstructive sleep apnea ("COPD"), fibromyalgia, hypertension, and obesity. (Tr. 18). At step three, the ALJ determined that the plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18-19).

The ALJ concluded that the plaintiff had the residual functional capacity (RFC) to perform light work, with limitations related to avoiding concentrated exposure to temperature extremes, wetness, humidity, fumes, odors, dusts, gases, poor ventilation, dangerous machinery, and unprotected heights (Tr. 19).

At step four, the ALJ found that plaintiff Dishmond had no past relevant work. (Tr. 25). At step five, the ALJ concluded that there were jobs that exist in significant numbers in the national economy that the plaintiff could perform, given her age, education, work experience, and RFC. (Tr. 22-23). Accordingly, the ALJ determined that the plaintiff had not been under a disability within the meaning of the Social Security Act, 20 C.F.R. 404.1520(g), from the application date of November 14, 2012. (Tr. 23).

## V. Discussion

The court has closely read plaintiff's Memorandum of Law (#17) supporting her Motion for Summary Judgment. Plaintiff has made the following assignment of error, alleging that the ALJ's RFC determination that the plaintiff could perform light work was not based on substantial evidence. Specifically, plaintiff points to the hearing testimony and argues that the ALJ failed to resolve discrepancies between the RFC finding and the evidence presented at the hearing. (#17) at 4-8.

The court is asked whether the ALJ had substantial evidence upon which to base his determination. Put another way, a court must ask whether the ALJ has sufficiently explained his decision-making process with regard to his obesity in assessing the plaintiff's RFC. *Inter alia*, plaintiff here argues that the ALJ did not adequately take into account her hearing testimony. See (#17) at 4-7.

The ALJ spent a lengthy portion of his determination discussing plaintiff's hearing testimony. (Tr. 19-20). Moreover, the ALJ noted that the plaintiff's statements about the limiting effects and severity of her symptoms were "not entirely credible" and provided adequate reasons for such a finding by evaluating the plaintiff's statements against the available medical record. (Tr. 20-22). For example, the ALJ cited to numerous different exhibits from the record in discussing his reasons

for finding that the extent of the plaintiff's limitations related to COPD were "not as severe as alleged." (Tr. 21, <u>citing</u> Exhibits 4F, 11F, 12F, 21F, 22F, and 23F).

The ALJ did not leave discrepancies unresolved related to the testimony. Instead, it is clear that the testimony was reviewed by the ALJ. (Tr. 19-20). After taking the testimony and plaintiff's allegations into account, the ALJ gave appropriate reasons, using evidentiary support, for his finding that these allegations were "not entirely credible."

Here, the ALJ adequately reviewed and explained the available record, especially the hearing testimony, consultative expert reports, and medical records. The court is not "left to guess" at how the ALJ arrived at his determinations of the plaintiff's RFC. <u>See</u> <u>Mascio v. Colvin</u>, 780 F.3d 632, 637 (4th Cir. 2015).

## VI. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignment of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. <u>See</u> <u>Richardson v. Perales</u>, <u>supra</u>; <u>Hays v. Sullivan</u>, <u>supra</u>. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," <u>Richardson v. Perales</u>, <u>supra</u> at 401, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) the decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED;**

(2) plaintiff's Motion for Summary Judgment (#16) is **DENIED;**

(3) the Commissioner's Motion for Summary Judgment (#21) is **GRANTED;** and

(4) this action is **DISMISSED.**

Signed: August 21, 2017

Max O. Cogburn Jr
United States District Judge